## No. 164

No. 19186—Robert G. Thayer, Ex Parte. Error to the Court of Appeals of Hamilton County.

385. DEPOSITIONS—Court may order filed a deposition of which there has been a failure to file, even though case has been dismissed, as a power incident to its custody and authority over its own records and files.

849. NOTARY PUBLIC—Notary taking such deposition is officer of the court and cannot refuse to transmit it except for non-payment of fees.

ALLEN, J.

1. A court of record has general custody of and authority over its own records and files, and as an incident to that authority it has inherent power to order filed, in any case pending or dismissed, a completed deposition which under Section 11538 General Code, should have been filed in the case in question.

2. A notary who takes a deposition acts as an officer of the court and has no right except for nonpayment of fees to retain the deposition or to refuse to transmit the same to the clerk of the Court for filing.

3. A completed deposition which has been signed by the party whose testimony it embodies, is a public record in the case in which such deposition was taken, and the court may order the notary taking the deposition to endorse, seal, address and transmit it to the clerk of the court where the action was filed, notwithstanding such action has been dismissed.

Judgment affirmed.

Marshall, CJ., Jones, Matthias and Kinkade, JJ., concur.

---

## No. 165

No. 19085—The J. Livingston & Company v. Margaret Streeter. Error to the Court of Appeals of Cuyahoga County.

225. CHARGE TO JURY—Where defendant fully admits negligence charged, not prejudicial error to instruct jury that if there was failure to explain why defendant was not negligent, it should find such defendant guilty as charged.

KINKADE, J.

In an action for damages for an injury resulting from negligence, wherein the defendant has fully admitted the negligence charged, it is not error prejudicial to the defendant for the trial court to instruct the jury that if the defendant has failed to explain why his acts were not negligent, it will then be the duty of the jury to find the defendant guilty of negligence as charged. (Loomis v. Toledo Railways & Light Co., 107 Ohio St., 161, distinguished.)

Judgment affirmed.

Marshall, CJ., Matthias, Allen and Robinson, JJ., concur.

## No. 166

No. 19166—William H. Maddex and The City of Kenton v. Lucy Columber. Error to the Court of Appeals of Hardin County.

797. MUNICIPAL CORPORATION—In an action for damages against a city for personal injuries, fact that proposed member of jury is taxpayer and resident in such city does not disqualify him as juror if he will render fair and impartial verdict.

DAY, C.

1. In a civil action against a municipal corporation, for damages for personal injuries sustained upon a defective sidewalk, the fact that a proposed member of the jury is a resident and taxpayer of such municipal corporation does not disqualify him as a juror by reason of interest, as provided in Section 11437, General Code, Sub-division 2, if upon inquiry the court determines that notwithstanding such fact the juror if accepted will render a fair and impartial verdict.

2. In such action where the issues tendered are the alleged negligence of the defendants and the claimed contributory negligence of the plaintiff, and there is evidence introduced upon each side tending to maintain such issues, it is prejudicial error for the court upon request of the defendants to instruct the jury before argument that "this is an action brought by plaintiff for damages on account of the alleged negligence of the defendants and the burden of proving that she could not by the exercise of ordinary care have avoided the consequence of such negligence is on the plaintiff," the burden of proving contributory negligence being upon the defendants, unless the plaintiff's own evidence raised a presumption of negligence upon her part, in which event it became the duty of the plaintiff to remove that presumption before she could recover. B. & O. R. R. Co., v. Whitacre, 35 Ohio St., 627, approved and followed.

Judgment affirmed.

Marshall, CJ., Matthias, Allen and Kinkade, JJ., concur. Jones, J., concurs in the syllabus and in the judgment. Robinson, J., concurs in proposition 2 of the syllabus and in the judgment.

---

## No. 167

No. 19320—The American Soap Company v. Charles B. Bogue. Error to the Court of Appeals of Hamilton County.

313. CORPORATION—Officer of foreign corporation doing business in Ohio without compliance with 178 GC., et seq., is not, for that reason, personally liable for such corporation's debt.

ROBINSON, J.

An officer or agent of a foreign corporation, duly organized and existing under the laws of a sister state, doing business in Ohio without compliance with the provisions of Section 178, and succeeding sections, General Code, is not, for that reason, rendered liable personally for the debts of such corporation.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.